**Walter L. MOORE, Plaintiff–Appellant,**

v.

**NYS THE ATTORNEY GENERAL OF THE STATE OF NEW YORK, Defendant–Appellee.**

**No. 03–0166.**

United States Court of Appeals, Second Circuit.

March 12, 2004.

Walter Moore, Woodbourne, NY, for Appellant, pro se.

PRESENT: WALKER, Chief Judge, CARDAMONE, and KEITH,* Circuit Judges.

---

* The Honorable Damon J. Keith, Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

## SUMMARY ORDER

Plaintiff-appellant Walter Moore appeals from the April 28, 2003 judgment of the district court dismissing his prisoner's rights complaint filed pursuant to 42 U.S.C. § 1983. In an order entered February 24, 2003, the district court held that Moore's suit was subject to dismissal because both the state of New York and the Attorney General acting in his official capacity were immune from suit under the Eleventh Amendment and Moore's complaint had failed to allege that the Attorney General was personally involved in the asserted constitutional violation, thereby precluding a suit against him in his private capacity. The district court also informed Moore that his complaint was deficient because all of the allegations dated from 1991 and 1992 and, thus, Moore had failed to establish that his lawsuit was timely filed. The district court granted Moore 30 days in which to file an amended complaint. When Moore failed to do so, the complaint was dismissed.

On appeal, Moore appears to have tried to correct the deficiencies in his complaint by naming several individuals he asserts were directly responsible for violating his constitutional rights and by setting forth more recent allegations. A complaint cannot be amended on appeal, however. Rather, our review is limited to the pleadings and arguments actually presented to the district court. *See Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). Based on that review, we conclude that the district court properly dismissed the complaint.

Moore also requests that we remand to the district court to allow him to amend his complaint. Such relief is unnecessary, however, because Moore is free to file a new complaint setting forth all of the facts and allegations contained in his appellate brief.

Accordingly, the judgment of the district court is hereby AFFIRMED.